IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DILLSBURG VENTURES, LLC., | : | Civil No. 1:10-CV-275 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| CARROLL TOWNSHIP, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendant | : | |

REPORT AND RECOMMENDATION

I.    Statement of Facts and of the Case

This case is a diversity breach of contract lawsuit brought by the plaintiff, Dillsburg Ventures, LLC, a Maryland-based real estate development company, against a local municipality, Carroll Township, arising out of an alleged agreement between the parties pertaining to the development of multi-family housing on a 45 acre tract of land in Carroll Township.  (Doc. 1.)

In April 2011, this matter was referred to the undersigned for the purpose of conducting settlement discussions.  A series of discussions, mediated by the Court, then took place between the parties in 2011.  In the course of these initial discussions, the parties inquired as to whether the Court would entertain a request to review any final settlement, if a settlement was reached, and we advised the parties that they could

make such a request if, and when, they reached an agreement on the terms of a proposed settlement.

Following these initial conversations, which were directly mediated by the Court, the parties engaged in protracted discussions spanning two years regarding the terms of a settlement.  These discussions were not participated in by the Court, but were monitored through periodic status reports which the parties were directed to file with the Court.  (Docs. 34-58.)

After some two years of discussions, the parties notified the Court that they had reached a tentative agreement on the terms of a settlement, and filed a motion requesting that the Court schedule a hearing on the terms of this settlement.  (Doc. 59 and 60.)  This motion was then referred to the undersigned.

Upon receipt of the motion, we convened a conference call with counsel.  (Doc. 61.)  During that conference call, we asked counsel to provide us with the legal authority upon which they were relying in requesting that the Court conduct a hearing on the terms of the settlement of a contractual dispute arising out of a land use management question in a local municipality.  In response, the parties referred the Court to 53 Pa. C.S. §11006-A(c), a statute which provides Pennsylvania's courts of common pleas with jurisdiction to order approval of proposed land use developments. This state statute by its express terms also authorizes a court to "refer . . . elements [of

a proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings . . . ." 53 Pa. C.S. § 11006-A (c).

During this conference call, the parties also discussed the logistics of a proposed hearing, explaining that the township would include this proposed settlement as an agenda item in a regularly scheduled board of supervisors meeting, and asking the Court to schedule a hearing shortly after that township meeting.  Counsel suggested this course under the apparent impression that this proposed settlement would be a matter of little moment in the local community, and we initially acceded to the parties scheduling proposal.

Upon the scheduling of this matter, it immediately became apparent that the litigants had misjudged the nature, and extent, of public interest in this development, as the Court received numerous public comments regarding this proposed settlement, many of which were signed by multiple residents of Carroll Township.  (Docs. 64-85.) Two recurrent themes were reflected in this significant public outcry.  First, in many instances, notwithstanding the fact that the settlement had been included as an agenda item on a township board meeting, members of the public voiced a concern that they had not been provided an opportunity to comment on this proposal directly with the township officials who were responsible for developing the community land use plans. This perceived lack of notice is, in the first, instance a matter of paramount concern to local, elected officials who have the primary responsibility for addressing zoning

and land use planning in Carroll Township.  In addition, the citizen letters submitted to the Court raised a series of aesthetic, educational, tax, highway, and traffic concerns.  All of these matters are also issues of local zoning and land use which are the responsibility of local officials to address with their constituents in the first instance.

In light of these concerns, we postponed any hearing on this settlement, and requested a response to these strongly voiced citizens concerns from the parties in this litigation.  We have now received those responses, (Doc. 86-88.), and note that the parties, who had once urged us to conduct a public hearing, now suggest in light of the public outcry reflected in the comment letters submitted by these concerned citizens, that no further public hearing or meeting is necessary.  (Id.)

Upon reflection, we disagree.  Rather than showing that further public comment is unnecessary, we believe that the public comment responses to this proposed settlement, which reflect dismay by many Carroll Township residents that they did not have an opportunity to thoroughly air their views with Township officials, suggests that further meetings and hearings to address this proposal settlement are both necessary and proper.  We also believe that in the first instance it is the right, responsibility and duty of local elected officials to address these public concerns regarding matters of paramount local concern at the local community level.  Therefore, pursuant to 53 Pa. C.S. §11006-A(c), the legal authority cited by the parties in support

of their request for a hearing, it is recommended that the Court "refer . . . [this settlement and proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings . . . ." 53 Pa. C.S. § 11006-A (c).

## II.    Discussion

It is well settled that "decisions of local zoning and planning officials are generally a matter of local concern, and absent constitutional considerations their decisions are not the subject matter of federal court review. . . ." Cellular Tel. Co. v. Zoning Bd. of Adjustment of Borough of Harrington Park, 90 F. Supp. 2d 557, 560 (D.N.J. 2000).  As the Supreme Court has acknowledged: "A federal court, after all, 'should not ... sit as a zoning board of appeals.' Village of Belle Terre v. Boraas, 416 U.S. 1, 12, 94 S.Ct. 1536, 1542, 39 L.Ed.2d 797 (1974) (Marshall, J., dissenting)." Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982).

This case aptly illustrates why such zoning matters are and should remain generally matters of local concern.  In this case, the citizen comment letters received by the Court identify a series of procedural and substantive objections to this settlement and land use development.  While the litigants have indicated that many of these citizen objections can be addressed, it is apparent to the Court from the volume and vehemence of the objections lodged by these concerned citizens that a significant number of Carroll Township residents feel that they were not provided an adequate

opportunity to comment upon this proposed settlement directly to the township officials responsible for land use planning in Carroll Township.  Although we acknowledge that the township did previously include the settlement on a board meeting agenda, with the clarity that comes from hindsight it is evident that this notice did not sufficiently alert the public, which has a series of questions regarding the settlement and proposed development, to their opportunity to directly comment upon the proposal to the township officials responsible for these matters of great local concern.

We also believe that it is in the interest of all parties to allow an opportunity for public comment at the local level on this land use matter.  Such a public meeting and comment opportunity with Carroll Township officials is plainly in the public interest since it would allow for an full and fair airing of these concerns with those elected officials who are responsible for these land use decisions.  Requiring further meetings and public comment opportunities at the local community level also promotes the interest of the defendant, Carroll Township, in that it permits these township officials, who are entrusted with a duty to serve the community, an opportunity to explain directly to the community how their concerns are being considered, met and addressed. Finally, further local public meetings on this proposed settlement are, in our view, ultimately in the plaintiff's interest, since one key element to the success of any real

estate development project in the township will be the understanding and support of the local community.

Furthermore, we note that the very statute which the parties have cited to us as the basis for a court hearing on this settlement expressly provides the mechanism for referral of this matter to the local township officials since that statute provides that the court may "refer . . . elements [of a proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings . . . ." 53 Pa. C.S. § 11006-A (c). See Soble Construction Co. v. Zoning Hearing Board of the Borough of East Stroudsburg, 329 A.2d 912 (Pa. Commw. Ct. 1974).

Recognizing the limited role of federal courts in land use matters, the vital local interests which would be promoted by referring this proposed settlement in the first instance to local officials for appropriate hearings, meetings and comments on the local level, and acknowledging that the legal authority cited to us by the parties specifically permits a court to remand land use matters to the local authorities for further proceedings, we recommend pursuant to 53 Pa. C.S. § 11006-A (c) that  the court "refer . . .[this settlement and proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings . . . ." 53 Pa. C.S. § 11006-A (c).

It is further recommended that the parties be directed to report within 90 days on the progress of this matter, and whether following these proceedings, the parties wish to further pursue this settlement.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED pursuant to 53 Pa. C.S. § 11006-A (c) that the Court "refer . . . [this settlement and proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings . . . " 53 Pa. C.S. § 11006-A (c) and that the parties be directed to report within 90 days on the progress of this matter, and whether following these proceedings, the parties wish to further pursue this settlement.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st  day of August, 2014.

<u>**S/MARTIN C. CARLSON**</u>
Martin C. Carlson
United States Magistrate Judge