# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DILLSBURG VENTURES, LLC,** | : | **CIVIL ACTION NO. 1:10-CV-0275** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **CARROLL TOWNSHIP,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 24th day of September, 2014, upon consideration of the report (Doc. 89) of Chief Magistrate Judge Martin C. Carlson, recommending, pursuant to 53 PA. CONS. STAT. § 11006-A(c), that the court "refer . . . [this settlement and proposed development] to the governing body, agency or officer having jurisdiction thereof for further proceedings," id., and that the parties be directed to report on the progress of this matter within ninety (90) days, and it appearing from the parties' joint notice that neither party intends to object to the report, (see Doc. 93), and that there is no clear error

on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007), it is hereby

ORDERED that:

1. The report (Doc. 89) of Chief Magistrate Judge Martin C. Carlson is ADOPTED.

2. This matter is REFERRED to the governing body of Carroll Township for further proceedings, consistent with Magistrate Judge Carlson's report and recommendation.

3. The parties shall file a joint status report with the court within ninety (90) days of the date of this order and at ninety (90) day intervals thereafter.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report and recommendation in accordance with this Third Circuit directive.